# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-00153-JPG-SCW |
| USA, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 22) of Magistrate Judge Stephen C. Williams with regard to plaintiff's affidavit (Doc. 20) filed in response to this Court's merits review order (Doc. 11). The merit review order determined that the plaintiff failed to provide the necessary affidavit and report with regard to Count 2 as required by Illinois law, to wit:

> FTCA claims are governed by the law of the state where the tort occurred. *Parrott v.United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In this case, Illinois law applies. Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request  (and in this case the written report shall be filed within 90 days

of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

The Court dismissed Court 2 without prejudice, but allowed the plaintiff 90 days to file the required documents. Plaintiff filed an additional letter from Dr. Gina Perri within the 90 day period; however, the R & R states that the additional correspondence is insufficient to meet the requirements of Illinois law and recommends that the Court dismiss Count 2 with prejudice.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). In this matter, the Court has received an objection from the plaintiff and will review the R & R *de novo*.

A review of the documents indicate that the plaintiff has made a good-faith effort to comply with the affidavit and certificate of merit requirements. Taking both of Dr. Perri's letters in combination, indicate that plaintiff's claim is "reasonable and meritorious" (Doc. 20 at 3)and Plaintiff's affidavit (Doc. 20) is sufficient   The report is not in the required format and the Court acknowledges that Dr. Perri's opinion is qualified (i.e. "If such a surgery . . . was available" and "if conservative measures do not work.") However, the Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). A *pro se* complaint is not required to explicitly refer to the proper statute in order to state a cause of action as long as relief is possible under that statute or theory consistent

with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc*., 977 F.2d 1129, 1134 (7th Cir. 1992).

This matter is at the pleading stage and the plaintiff is *pro se*. The Court believes that the plaintiff's affidavit and Dr. Perri's letters are sufficient to satisfy the Illinois law requirement at the pleading stage.

Therefore, the Court has reviewed the R & R and plaintiff's objection. Although the Court does not find that the R & R is clearly erroneous, the Court believes that limited leeway must be provided where the plaintiff is *pro se*. Therefore, the Court hereby **REJECTS** the Report and Recommendation (Doc. 22) in its entirety and reinstates Count 2 – medical negligence under the Federal tort Claims Act against defendant United States of America.

**IT IS SO ORDERED.**

**DATE:** 6/19/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**